UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
NOEL JACKSON GUZMAN,

                Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. BRIAN JAY, Shield No. 29733, Individually and in his Official Capacity, P.O. JOHNNY DIAZ, Shield No. 31661, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name "John Doe" being fictitious, as the true names are presently unknown),

                Defendants.
--------------------------------------------------------------------------------X

**COMPLAINT**

**10 CV 6353**

**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiff, NOEL JACKSON GUZMAN, by his attorney, JON L. NORINSBERG, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff NOEL JACKSON GUZMAN is a Latin-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants, P.O. BRIAN JAY and P.O. JOHNNY DIAZ and P.O.s "JOHN DOE" #1-#10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. On February 14, 2009, at approximately 4:00 a..m., plaintiff NOEL JACKSON GUZMAN was lawfully standing on the northeast corner of Sherman Avenue and 207th Street, in the County, City and State of New York.

14. Plaintiff NOEL JACKSON GUZMAN had just exited a club known as the "Red Lounge" with several friends, and was on his way back home.

15. At the aforesaid time and place, one of plaintiff NOEL JACKSON GUZMAN's friends became involved in an altercation with another group of individuals unknown to plaintiff.

16. Plaintiff NOEL JACKSON GUZMAN did not know what caused this fight and did not want in any way to get involved in this fight.

17. Notwithstanding this fact, plaintiff NOEL JACKSON GUZMAN – who was a mere bystander – was suddenly accosted by defendants BRIAN JAY and JOHNNY DIAZ, as well as other. members of the New York City Police Department.

18. Defendants forcibly grabbed plaintiff NOEL JACKSON GUZMAN and threw him to the ground.

19. Thereafter, defendants began kicking and stomping on plaintiff NOEL JACKSON GUZMAN. Defendants then stuck plaintiff with a hard object on his right knee, and maced him with

pepper spray.

20. As a result of this unlawful and wholly unjustified use of force, plaintiff NOEL JACKSON GUZMAN suffered severe injuries to his right knee, which required him to be brought to Harlem Hospital.

21. In connection with the above incident, plaintiff NOEL JACKSON GUZMAN was charged with Obstruction of Governmental Administration in the Second Degree.

22. At no time on February 14, 2009, did plaintiff NOEL JACKSON GUZMAN ever obstruct, or even *attempt* to obstruct, with defendants' performance of their jobs as police officers.

23. Defendants knew from the outset that plaintiff NOEL JACKSON GUZMAN had not committed this offense – nor, for that matter, any offense – but nonetheless charged him with a crime in order to conceal their own unlawful and grossly improper use of force.

24. Thereafter, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the New York County District Attorney's Office.

25. On March 11, 2009 – approximately one month after the subject incident – defendant BRIAN JAY further perjured himself in a criminal complaint by claiming that plaintiff NOEL JACKSON GUZMAN had "GRABBED DEPONENT'S SHIRT and ATTEMPTED TO STRIKE DEPONENT."

26. This was a blatant fabrication, as plaintiff NOEL JACKSON GUZMAN never grabbed or punched any police officer, nor did ever attempt to do such actions.

27. Defendant BRIAN JAY made this false claim to justify defendants' unlawful and grossly improper use of force against plaintiff NOEL JACKSON GUZMAN, as detailed above.

28. Notwithstanding defendants' unlawful and perjurious conduct, on November 2, 2009, all charges against plaintiff NOEL JACKSON GUZMAN were dismissed.

29.     As a result of defendants' use of excessive force, plaintiff NOEL JACKSON GUZMAN is scheduled to have surgery to his right knee in September 2010.

30.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33.     All of the aforementioned acts deprived plaintiff NOEL JACKSON GUZMAN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

37. The acts complained of deprived plaintiff NOEL JACKSON GUZMAN of his rights:

   A. Not to have excessive force imposed upon him;

   B. Not to have summary punishment imposed upon him; and

   C. To receive equal protection under the law.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff NOEL JACKSON GUZMAN's constitutional rights.

40. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiff NOEL JACKSON GUZMAN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

43. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other

physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants searched plaintiff NOEL JACKSON GUZMAN in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

46. As a result of the foregoing, plaintiff NOEL JACKSON GUZMAN was subjected to an illegal and improper search.

47. The foregoing unlawful search violated plaintiff NOEL JACKSON GUZMAN's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants misrepresented and falsified evidence before the District Attorney.

50. Defendants did not make a complete and full statement of facts to the District Attorney.

51. Defendants withheld exculpatory evidence from the District Attorney.

52. Defendants misrepresented and falsified evidence before the Grand Jury.

53. Defendants did not make a complete and full statement of facts to the Grand Jury.

54. Defendants withheld exculpatory evidence from the Grand Jury.

55. Defendants were directly and actively involved in the initiation of criminal

proceedings against Mr. Guzman.

56. Defendants lacked probable cause to initiate criminal proceedings against Mr. Guzman.

57. Defendants acted with malice in initiating criminal proceedings against Mr. Guzman.

58. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Guzman.

59. Defendants lacked probable cause to continue criminal proceedings against Mr. Guzman.

60. Defendants acted with malice in continuing criminal proceedings against Mr. Guzman.

61. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

62. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in Mr. Guzman's favor on November 2, 2009, when all charges against him were dismissed.

63. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants issued legal process to place plaintiff NOEL JACKSON GUZMAN under arrest.

66. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

67. Defendants acted with intent to do harm to plaintiff NOEL JACKSON GUZMAN, without excuse or justification.

68. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "68" as if the same were more fully set forth at length herein.

70. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

71. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff NOEL JACKSON GUZMAN.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by NOEL JACKSON GUZMAN as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff NOEL JACKSON GUZMAN as alleged herein.

75. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff NOEL JACKSON GUZMAN was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

76. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff NOEL JACKSON GUZMAN.

77. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff NOEL JACKSON GUZMAN 's constitutional rights.

78. All of the foregoing acts by defendants deprived plaintiff NOEL JACKSON GUZMAN of federally protected rights, including, but not limited to, the right:

    A.    Not to have excessive force imposed upon him;

    B.    Not to have summary punishment imposed upon him; and

    C.    To receive equal protection under the law.

79. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, uhemotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

**EIGHTH CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S**
**MEDICAL NEEDS UNDER 42 U.S.C. § 1983**

80. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants knew that plaintiff had sustained serious bodily injuries as a result of their unlawful use of force.

82. Notwithstanding this fact, defendants intentionally and deliberately delayed getting proper medical care and treatment for plaintiff NOEL JACKSON GUZMAN.

93. Defendants also greatly exacerbated plaintiff NOEL JACKSON GUZMAN pain and suffering by needlessly handcuffing him to a bed rail for the entire time he was in the hospital.

94. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## NINTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "94" as if the same were more fully set forth at length herein

96. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution, pretrial detention, conviction and imprisonment of plaintiff NOEL JACKSON GUZMAN.

97. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause to believe plaintiff guilty of any crime.

98. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiff NOEL

JACKSON GUZMAN: (a) manufactured false evidence; (b) pressured, bribed, coerced and induced witnesses to give untruthful, erroneous, incomplete and/or misleading statements and testimony; (c) failed to correct such false statements and testimony; and (d) withheld from the grand jury, petit jury and trial judge evidence favorable to the accused on the issue of guilt or innocence.

99. The aforesaid conduct of defendants operated to deprive plaintiff NOEL JACKSON GUZMAN of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights:

(a) Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

(b) Not to be deprived of his liberty or to be arrested, indicated, prosecuted or imprisoned based upon evidence fabricated by a government official;

(c) Not to be deprived of his liberty or to be arrested, indicted, prosecuted or imprisoned based upon the testimony of witnesses who had been illegally bribed or influenced for their testimony; and

(d) To timely disclosure of all evidence favorable to the defense on the issues of guilt or innocence and/or punishment, pursuant to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

100. The foregoing violations of plaintiff NOEL JACKSON GUZMAN's constitutional rights by defendants directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty.

**WHEREFORE**, plaintiff NOEL JACKSON GUZMAN demands judgment in the sum of

two million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       August 24, 2010

                                    BY:      /S/
                                    JON L. NORINSBERG (JN-2133)
                                    Attorney for Plaintiff
                                    225 Broadway, Suite 2700
                                    New York, N.Y. 10007
                                    (212) 791-5396