UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

NOEL JACKSON GUZMAN,

                                         Plaintiff,

                    -against-

POLICE OFFICER BRIAN JAY,

                                         Defendant.

-------------------------------------------------------------------------- x

**DEFENDANT'S PROPOSED
JURY CHARGE**

10 Civ. 6353 (ALC)(JCF)

 

 

Defendant Police Officer Brian Jay, by his counsel, requests, pursuant to Rule 51 of the Federal Rules of Civil Procedure, that the Court give the following instructions to the jury.

## PART I:  GENERAL INSTRUCTIONS.

## I.  INTRODUCTORY REMARKS

### A.  Juror Attentiveness

Members of the jury, you are about to begin your final duty, which is to decide the fact issues in this case.  Before you do that, I will instruct you on the law.  Please pay close attention to me.  I will go slowly and will be as clear as possible.

### B.  Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

1

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions to take with you into the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any view of the law other than the one I give you.

C.      **Role of the Jury**

As I have said, your role is to consider and decide the fact issues that are in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may be in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence. Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection. What I say is not evidence. It is your own independent recollection of the evidence that controls. Similarly, remember that a question put to a witness is never

evidence. Only the answer is evidence. However, you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence — not the lawyers' and not mine — that controls.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not indicative of my views of what your decision should be as to whether the plaintiff or the defendant have presented the more convincing evidence. An attorney has the right and duty to ask the court to make rulings of law and to request conferences at the side bar, out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because an attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury or asked me for a ruling on the law.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were intended only for clarification or to move things along. They were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible or less credible than any of the other witnesses. It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. I will later discuss with you how to pass upon the credibility – or believability – of the witnesses.

### D.    Burden of Proof

As this is a civil case, plaintiff has the burden of proving his claim by a preponderance of the evidence. This means that Noel Jackson Guzman must prove by a preponderance of the evidence each and every disputed element of his claims with respect to each defendant and the damages resulting therefrom. If you find that the plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against him on that claim.

Establishing a fact by a preponderance of the evidence means proving that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight, and the effect that it has on your minds. The law requires that for a plaintiff to prevail on a claim, the evidence that supports the claim must appeal to you as more nearly representing what took place than the evidence opposed to the claim.

If you find that the credible evidence on a given issue is evenly divided between the parties - - that it is equally probable that one side is right as it is that the other side is right - - then you must decide that issue against plaintiff. That is because plaintiff bears the burden of proof in this case, and the party bearing the burden of proof must prove more than simple equality of evidence - - he must prove the element at issue by a preponderance of the evidence.

It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the plaintiff.

Some of you have heard of proof "beyond a reasonable doubt," which is the proper standard of proof for a *criminal* trial. However, a plaintiff in a *civil* case does not have to satisfy that requirement, and therefore you should put it out of your mind.

Finally, with respect to any element as to which a defendant bears the burden of proof, such as an affirmative defense, that defendant must establish that element by a preponderance of the evidence, as I have defined the phrase above.[1]

**E.  Evidence/What Is Not Evidence**

The evidence from which you are to decide what the facts are consists of:

(1)  the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

(2)  any facts to which all the lawyers have agreed or stipulated; and

(3)  any exhibits which have been admitted into evidence.

Nothing else is evidence; not what the lawyers say, not what I say, and not anything you may have heard outside the courtroom.

**F.  Direct and Circumstantial Evidence**

There are two kinds of evidence which you may use in reaching your verdict: direct and circumstantial evidence.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses — something seen, felt, touched, heard, or tasted. Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

_____

[1] Adopted from <u>Stephen Williams v. Sergeant Thomas McCarthy, et al.</u>, 05 CV 10230 (SAS).

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other act.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.[2]

G.     **Inferences**

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess. It is a logical conclusion that a disputed fact exists that we reach in light of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. It is for you, and you alone, to decide what inferences you will draw.

---

[2] Adopted from <u>Sean Thomas v. Sergeant Stephen Kelly, et al.</u>, 09 Civ. 3162 (ALC).

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw — but not required to draw — from the facts that have been established by either direct or circumstantial evidence. In drawing inferences you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Keep in mind that the mere existence of an inference against the defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence. In order for the plaintiff to obtain a verdict in his favor, you must still believe from the credible evidence that the plaintiff has sustained the burden cast upon him.

### H. Credibility of Witnesses

You have had the opportunity to observe all the witnesses. These instructions apply to your determination of the credibility of the witnesses that actually appeared and testified during this trial. It is now your job to decide how believable each witness was in his testimony.

How do you determine where the truth lies? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor,

their intelligence, the reasonableness and probability of their testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other believable testimony. You watched the witnesses testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness appear? What was the witness's demeanor while testifying? Often, it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

Also, in deciding what testimony to believe, consider any motives they may have for testifying a certain way, their manner while testifying, whether a witness said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe. You should also consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, and their memories.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

## I.       Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.  If you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether there was, in fact, any inconsistency; whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appeals to your common sense.  It is your duty, based upon all the evidence and your own good judgment, to decide how much weight to give to the inconsistency.

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony you heard from the witness at trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A prior inconsistent statement of a witness who is not a party in these cases is not evidence you should consider in determining whether a plaintiff has proved his case.  The prior

inconsistent statement was placed before you solely for the purpose of attacking the credibility of the witness. However, a prior statement of a plaintiff *is* evidence if that statement was offered by the defendant. Likewise, a prior statement of a defendant is evidence if offered by a plaintiff. In addition, you may consider such statements for any purpose, including assessing the credibility of that party as a witness.

**J.      Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of this case. You should also take into account any evidence that the witness has an interest in testifying falsely for any other reason. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his testimony. I instruct you that plaintiff, as well as the defendants, are interested witnesses.

**K.      Number of Witnesses**

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence

in the case, and you may decide that the testimony of a smaller number of witnesses on one side has a greater weight than that of a larger number on the other.

The testimony of a single witness which produces, in your minds, belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being the most accurate, and otherwise trustworthy.

## L. Expert Witnesses

An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge, skill, experience, and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing each expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

## PART II:  SUBSTANTIVE LAW[3]

**FEDERAL CLAIM**

**A.      The Statute, Its Function, and Elements of Claim for Relief**

Plaintiff, Noel Jackson Guzman, asserts a claim pursuant to 42 U.S.C. § 1983.  In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff Noel Jackson Guzman must prove by a preponderance of the evidence that:[4]

1)      in so acting, the defendant's conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

2)      the defendant's conduct was the proximate cause of the injuries and damages sustained by the plaintiff.

I instruct you that the parties stipulate and agree that the defendant Brian Jay was acting under color of state law on the date of the incident. Therefore, you need not consider the first element since it is already established.  I will now explain the other elements to you.

### 1.      Deprivation of Constitutional Right

Plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendants.  Specifically, the plaintiff must show, by a preponderance of the evidence, that (a) a defendant committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, a defendant acted intentionally or recklessly.

---

[3] Defendant reserves the right to include additional substantive jury charges at the time of trial.

[4] Defendant does not contest the fact that he was acting under color of state law when he arrested Plaintiff.  Thus, the jury need not be instructed on this element of a §1983 cause of action.

### 1. *Commission of Alleged Acts*

The first thing for you to determine is whether the defendants committed the acts alleged by plaintiff.  If you find that plaintiff has failed to prove by a preponderance of the evidence that the defendant committed the acts as alleged by plaintiff, you must find in favor of the defendant.

### 2. *Loss of a Constitutional Right*

If you determine that the defendant committed the act alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

Each of plaintiff's two claims arise under the Fourth Amendment to the United States Constitution.    Those claims are false arrest and intentional use of excessive force.  I will explain each of these claims to you in more detail in a moment.

### 3. *Intent*

As set forth above, to find a deprivation of a constitutional right for purposes of section 1983, a plaintiff must establish not only (a) that a defendant committed the acts alleged and (b) that those acts caused plaintiff to suffer the loss of a constitutional right, but also (c) that in performing the alleged acts, the defendant acted intentionally or recklessly.

An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

In determining whether defendant acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's

mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Finally, it is not necessary to find that the defendants specifically intended to deprive plaintiff of his civil rights in order to find in favor of that plaintiff.  Again, plaintiff will have established a deprivation of a constitutional right for purposes of section 1983 if you find that in performing the acts that caused the loss of plaintiff's constitutional right, the defendant acted intentionally or recklessly, as I have explained the meaning of those terms.

2.      **Second Element:  Proximate Cause**

The second element that plaintiff must prove is that defendant's acts were a proximate cause of the injuries plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff.  If you find that any of defendant's acts or omissions were a substantial factor in bringing about or actually causing plaintiff's injury, that is, if the injury was a *reasonably foreseeable* consequence of any of defendant's acts or omissions, then defendant's acts or omissions were a proximate cause of plaintiff's injuries.  If an injury was a direct result or a reasonably probable consequence of a defendant's acts or omissions, it was proximately caused by such acts or omissions.  Stated another way, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that his injury would not have occurred without the acts or omissions of the defendant.  If you find that the defendant has proven, by a preponderance of the evidence,

that plaintiff complains about an injury that occurred in the absence of defendant's acts or omissions, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury. Defendant Jay is not liable if he did not cause plaintiff's injuries or if plaintiff's injuries were caused by a new or independent source that intervened between the defendant's acts or omissions and plaintiff's injuries and produced a result that was not immediately foreseeable by defendant.

Now, let's discuss in more detail the two claims that plaintiff alleges deprived him of his constitutional rights: false arrest and excessive force.

## FALSE ARREST

Plaintiff claims that Defendant Brian Jay falsely arrested him.

The elements of false arrest are as follows: 1) The defendant intended to confine plaintiff; 2) The plaintiff was conscious of the confinement; 3) The plaintiff did not consent to the confinement; 4) The confinement was not otherwise privileged.[5] The burden is on the plaintiff to prove by a preponderance of the evidence each of the first three elements. If you find that plaintiff failed to prove any of these first three elements with respect to defendant Jay, you must find for the defendant. If you find that plaintiff has proven by a preponderance of the evidence each of the first three elements, then you should turn your attention at to whether the confinement was privileged.

---

[5] See Savino v. City of New York, 331 F.3d. 63, 75 (2d. Cir. 2003); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).

The defendant had the right to arrest plaintiff, and the arrest would be privileged, if the defendant had probable cause to believe that plaintiff was committing, or had committed, a crime. The burden is on the defendant to prove by a preponderance of the evidence that they had probable cause to arrest plaintiff. The existence of probable cause is a justification to arrest and a complete defense to an action for false arrest.

Probable cause exists if the facts and circumstances known to a defendant at the time of the arrest, including information supplied to him before making the arrest, were such as to lead a reasonably prudent person to believe that plaintiff had committed or was committing a crime. An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[6] The arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[7]

The existence of probable cause is measured at the moment of arrest, not based on later developments.[8] This is why the ultimate disposition of the criminal charges against plaintiff are irrelevant to this question.[9] So long as there is probable cause, a police officer is not required to explore every theoretical claim of innocence before making an arrest. In fact, an officer has no duty to investigate any claims of innocence by an arrestee. Moreover, probable cause is not

---

[6] Adopted from, Manigault v. Brown, 11 CV 4307 (LAK).

[7] See also Marshall v. Sullivan, 105, F.3d. 47, 54 (2d. Cir. 1996); Annunziata v. City of New York, 06 CV 7637(SAS).

[8] Adopted from, Manigault v. Brown, 11 CV 4307 (LAK) and Tsesarskaya v. City of New York, 11 CV 4897 (AJP).

[9] Adopted from, Manigault v. Brown, 11 CV 4307 (LAK) and Banushi v. Palmer, 08 CV 2937 (EDNY) (KAM).

defeated simply because a police officer ignored any statements of innocence by an arrestee or his witnesses.[10]

I instruct you further that the law recognizes what is called the Fellow Officer Rule. Under the Fellow Officer Rule, an arrest by an officer who him or herself lacks probable cause to make the arrest is lawful as long as other officers initiating the arrest or involved in the investigation have sufficient information to form the basis for probable cause. This is so because modern police work can be complex. Officers often do not work all alone. Not every officer always can be aware of every aspect of an investigation. Hence, in determining whether there is a legal basis for an arrest – in other words, probable cause – the law looks to the information known to all law enforcement authorities who are cooperating in an investigation. The knowledge of each of the officers is presumed known to all.[11]

The existence of probable cause is not measured by the strict standards required for criminal conviction.[12] An officer need not have been convinced beyond a reasonable doubt at the time of an arrest that a criminal offense was being or had been committed. Before making an arrest, if the arresting officer has probable cause, he need not also believe with certainty that the arrestee will be successfully prosecuted. Probable cause requires only a fair probability that an offense has been or is being committed.

Additionally, a police officer cannot look into someone's mind to determine whether that person has the intent to commit a criminal offense. Therefore, in determining whether there is probable cause, the officer can infer intent from a person's conduct and the

---

[10] Panetta v. Crowley, 460 F.3d. 388, 396 (2d. Cir. 2006); see also Annunziata v. City of New York, 06-7637(SAS).

[11] Adopted from Manigault v. Brown, 11 CV 4307 (LAK).

[12] Adopted from Manigault v. Brown, 11 CV 4307 (LAK).

surrounding circumstances confronting the officers seeking to effectuate the arrest in order to determine whether they had probable cause. An arrest made with reasonable cause is lawful even though the plaintiff may not have committed any of the offenses for which he was arrested or detained.[13]

Here, defendants contend that they has probable cause to arrest plaintiff based on the New York State Penal Law Sections concerning Obstructing Governmental Administration in the Second Degree and Disorderly Conduct.

Defendant Brian Jay had probable cause to arrest Mr. Guzman for Obstructing Governmental Administration if he reasonably believed that Mr. Guzman intentionally obstructed, impaired or perverted the administration of law or other governmental function or prevented or attempted to prevent a public servant from performing an official function, by means of intimidation, physical force or interference. If you find that defendant Jay reasonably believed that Mr. Guzman intentionally obstructed, impaired or perverted the arrest of another individual, then defendant Jay had probable cause to arrest Mr. Guzman for obstructing governmental administration. The New York Legislature intended and enacted that criminal responsibility should attach to minimal interference set in motion to frustrate police activity and non-physical interference invoking a physical reaction can suffice.[14]

The next possible offense you may consider is Disorderly Conduct. Defendant Jay had probable cause to arrest Mr. Guzman for disorderly conduct if he reasonably believed that: (1) Mr. Guzman was (a) engaging in fighting or in violent, tumultuous or threatening behavior, (b) making unreasonable noise, or (c) using abusive or obscene language or making an

---

[13] Adopted from <u>Sean Thomas v. Sergeant Stephen Kelly, et al.</u>, 09 Civ. 3162 (ALC).

[14] <u>See</u> <u>In re Davan L.</u>, 91 N.Y.2d 88, 91 (1997).

obscene gesture; (2) Mr. Guzman's conduct was public in nature; and (3) Mr. Guzman's conduct must have been done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof.  A person acts with this "intent" when he acts with a conscious objective to cause a public inconvenience, annoyance or alarm or with a conscious disregard of a substantial and unjustifiable risk his conduct would cause such a result.  In making this evaluation, you may consider: (1) the extent to which Mr. Guzman's conduct annoyed others; (2) whether Mr. Guzman persisted in the conduct after warnings by others or the police; (3) whether Mr. Guzman's conduct created at least the risk that disorder might result; and (4) whether his conduct occurred in a public location.[15]

If you find that probable cause existed for any one, or even both, of the offenses of Obstructing Governmental Administration and Disorderly Conduct as I just described, then you must find in favor of the defendant with respect to plaintiff's false arrest claim.  Keep in mind, you do not need to be unanimous as to which crime you find probable cause, only that you are unanimous that probable cause existed for a crime.

## Excessive Force

Plaintiff also alleges that defendant Brian Jay violated his Fourth Amendment rights by intentionally using excessive force against him on February 14, 2009. Defendant Jay contends that he used only reasonable force necessary to handcuff plaintiff and place him under arrest.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive, or unreasonable force during an arrest.  This means that law enforcement officers may only employ the amount of force necessary, under the circumstances,

---

[15] Adopted from <u>Sean Thomas v. Sergeant Stephen Kelly, et al.</u>, 09 Civ. 3162 (ALC).

to make an arrest.  I also instruct you that negligence, mistake, accident, or other innocent reason does not violate the Fourth Amendment.  Therefore, you should not consider whether or not the police officer may have negligently or carelessly created an otherwise objectively reasonable need to use force.[16]

Even if you find that there was some forcible contact between the plaintiff and the defendant, that mere fact would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights.   In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous and courts recognize that some degree of force is necessary when effectuating an arrest.[17]   That means that "evil intentions" will not be considered excessive force if the force that was used was in fact reasonable.[18]  Reasonable force, that happens to cause an injury, is not excessive force.

Indeed, not every push or shove by a police officer violates a person's constitutional rights, however, even if it may later seem unnecessary in the peace and quiet of this courtroom.   Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an officer cannot be held liable for every such incident.[19]

In order to determine whether the Defendants' acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under

---

[16] See Daniels v. Williams, 474 U.S. 327 (1956); Davidson v. Cannon, 474 U.S. 344 (1986).

[17] See Sash v. U.S., 674 F.Supp.2d 531, 538 (S.D.N.Y. 2008) (quoting Graham v. Connor, 490 US 386, 396 (1989).

[18] See Maxwell v. City of New York, 380 F.3d 106, 108 (2d. Cir. 2004).

[19] Adopted from charge used in Avalon Pope v. Lt. Patrick Buttner, 10-cv-4118 (BSJ) (S.D.N.Y.).

similar circumstances.  You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.[20]  Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, this "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[21]  The question is only whether the officers' actions were objectively reasonable in light of all the facts and circumstances confronting him at the time he used the force.  In this regard, you are not to decide if the least amount of force was used, but rather you are only to decide if the force used was within the range of conduct identified as reasonable. [22]

When determining if excessive force was used, you should take into account the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the officers or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest.[23]  The fact that a person whom a police officer attempts to arrest resists,  threatens, or assaults the officer no doubt justifies the officer's use of some degree of force, but it does not give the officer license to use force without limit.  The force used by the officer must be reasonably related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer.[24]

---

[20] See Husbands ex rel. Forde v. City of New York, 335 Fed Appx. 124, 129 (2d. Cir. 2009).

[21] See Tracey v. Freshwater, 623 F.3d. 90, 96 (2d Cir. 2010); Graham v. Connor, 490 US 386, 396 (1989).

[22] Figueroa v. Marines, 02 CV 8301, Jury Charge by the Hon. P. Kevin Castel, February 3, 2004 (S.D.N.Y.); See also Graham v. Connor, 490 US 386, 396 (1989).

[23] See Graham v. Connor, 490 US 386, 396 (1989).

[24] Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000).

If you find that the amount of force used was intentionally greater than a reasonable police officer would have employed, the plaintiff will have established the claim of loss of a federal right. If, however, you find that the force was reasonable, you must return a verdict for the defendant.

## B. Qualified Immunity[25]

Even if you find that the plaintiff has proven his claim for false arrest or excessive force, the defendant still may not be liable to plaintiff if he is entitled to what is called qualified immunity. The question of qualified immunity is one for the Court to determine. However, the jury has an important role to play in this determination. Attached to the verdict form will be several questions regarding particular contentions by the parties. If you find in favor of the defendant on both the false arrest and the excessive force claims, it is unnecessary for you to answer these questions. However, if you find in favor of the plaintiff, with respect to any claim, then you are required to answer these questions. Your answers to these questions will be used by me in making the ultimate determination of whether the defendant is entitled to qualified immunity.[26]

## PART III: DAMAGES[27]

### A. Cautionary Instructions

I have a few cautionary instructions to give you before I discuss damages. First, even though I am going to instruct you on damages, it does not mean I have any opinion on

---

[25] Defendant respectfully requests an opportunity to submit proposed special interrogatories when the Court is considering the factual matters, if any, it feels the jury must determine for the Court to decide the defense of qualified immunity.

[26] Adopted from Sean Thomas v. Sergeant Stephen Kelly, et al., 09 Civ. 3162 (ALC).

[27] Defendant reserves the right to include additional jury charges regarding damages at the time of trial.

whether or not any defendant should be held liable. Second, with respect to plaintiff's claims, you may only award him damages if he has proven liability according to the standards I have just set forth.

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that plaintiff actually suffered as a result of the a defendants conduct. You cannot award plaintiff for injuries he may have suffered at the hands of others. The damages that you award must be fair compensation, no more and no less. It is the plaintiff who bears the burden of proving her damages by a preponderance of the credible evidence.

## B. <u>Compensatory Damages</u>

You may award compensatory damages only for injuries that the plaintiff proves were caused by defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the future.

If you find in favor of the plaintiff, then you must award the plaintiff such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant.

You shall award actual damages only for those injuries which you find that a plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award actual damages for any injury suffered by the plaintiff — you must award actual damages for those injuries that are a direct result of actions by defendant Jay, if you have found him liable to the plaintiff. You must distinguish between the existence of a violation of a plaintiff's right and

the existence of injuries naturally and proximately resulting from that violation. Thus, even if you find that the defendant deprived the plaintiff of his right, you must ask whether the plaintiff has proven by a preponderance of the evidence that the deprivation actually and proximately caused each of the damages that he is claiming to have suffered.

If you return a verdict for plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate her for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his "damages/losses" with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your award must be fair and just. It should neither be excessive nor inadequate, but should be reasonable. [28]

## C.      Nominal Damages

Now let's turn to nominal damages. If you return a verdict for plaintiff on the claim of excessive force but then find that he failed to prove by a preponderance of the credible evidence that he suffered any actual damages, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar. This is called nominal damages.

---

[28] Adapted from Instruction 18.0.1 Section 1983 Litigation, Jury Instructions, Martin A. Schwartz, George C. Pratt, 2003.

Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has proved no compensatory damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff did not prove injuries as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

**D.    <u>Punitive Damages</u>**

Plaintiff also seeks punitive damages in this case. If plaintiff has proven by the preponderance of the evidence that the defendant is liable, then you may, but you are not required, to determine whether the plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you must find that the plaintiff has clearly established that the acts of the defendant causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others. The purpose of punitive damages is to punish for shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you believe the defendant acted so outrageously and evidenced such a degree of malice or callousness that an example and deterrent needs to be provided to assure that the defendant and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.

**E.        Mitigation of Damages**

In determining the amount of damages to which Mr. Guzman is entitled to, if any, you may take into consideration whether plaintiff failed to mitigate his damages after the incident on February 14, 2009.[29]   A plaintiff claiming damages due to the wrongful act of another is under an obligatory duty to minimize the damages liable to result from such injury.[30] If the plaintiff does not make a reasonable effort to minimize his damages, he is barred from recovering those additional damages that result from his own failure to mitigate.   Therefore, if you find that plaintiff could have reasonably avoided certain of his injuries, you may deny plaintiff compensation for those damages stemming from the avoidable injury.[31]

**F.        Attorneys' Fees**

Federal law provides for an award of attorneys' fees to a plaintiff when he or she prevails in a civil rights action.   The award of attorneys' fees is a matter to be determined by the Court.   Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take into consideration the fees that plaintiff may have to pay his attorneys.

---

[29] See Miller v. Lovett, 879 F.2d 1066, 1070 (2d Cir. 1989)(citing E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice & Instructions § 85.13 (1987)("there can be no duty to mitigate damages until the injury causing those damages actually occurs.").

[30] East Hampton Dewitt Corp. v. State Farm Mut. Auto. Ins. Co., 490 F.2d 1234, 1239 (2d Cir. 1973) (quotations omitted).

[31] Id.

## PART IV. CONCLUDING INSTRUCTIONS

### Selection of Foreperson; Right to See Exhibits and Hear Testimony: Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law. I will shortly send you as well a verdict form on which to record your verdict. [If you want to see any of the exhibits, please send me a note requesting the exhibits you'd like to review.]

If you want any of the testimony, that can also be provided, either in transcript or readback form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation: to discuss and

consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you.

In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

Dated:  New York, New York
        October 28, 2013

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendant Jay*
                                        New York City Law Department
                                        100 Church Street
                                        New York, New York 10007


                        By:             /s/
                                        _____
                                        Morgan Kunz, *Senior Counsel*
                                        Matthew Modaffer, *Assistant Corporation Counsel*
                                        Special Federal Litigation Division

cc:     Jon Norinsberg, Esq. (By ECF)
        Attorney for Plaintiff