UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NOEL JACKSON GUZMAN,

                                    Plaintiff,

                 -against-

P.O. BRIAN JAY, Shield No. 29733, Individually and in his Official Capacity

                                Defendant.

------------------------------------------------------------------- x

**PLAINTIFF'S PROPOSED
<u>JURY CHARGES</u>**

**10-CV-06353 (ALC)(JCF)**

## <u>Introductory Remarks</u>

        Members of the jury, you are about to enter your final duty, which is to decide the fact issues in this civil case.  Before you do that, I will instruct you on the law.  Please pay close attention to me now.  I will be as clear as possible.

## <u>Role of the Court</u>

        You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

        My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You will receive a copy of these instructions to take with you into the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.

## **Role of the Jury**

Your role, as I have earlier said, is to consider and decide the fact issues in this case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may exist in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is anything I may have said during the trial or may say during these instructions [about a fact issue] to be taken instead of your own independent recollection.  What I say is not evidence.  It is your own independent recollection of

the evidence that controls.  In this connection, remember that a question put to a witness is never evidence.  Only the answer is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence -- not the lawyers' and not mine --that controls.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether the plaintiff or the defendant has presented the more convincing evidence.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses.  These questions were intended only for clarification or to move things along, and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other of the witnesses.  **It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey an opinion, you would not be obliged in any way to follow it.**

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice or passion for or against any party and without regard to what the reaction of the parties or the public to your verdict may be.  I will later discuss with you how to pass upon the credibility of the witnesses.

3

**Burden of Proof**

In this case, each party has the burden of proof on one claim. Here, plaintiff NOEL JACKSON GUZMAN has the burden of proving his excessive force claim by a preponderance of evidence..  With respect to the false arrest claim, P.O. Jay has the burden on proof and must prove by a preponderance of evidence that there was probable cause for plaintiff's arrest.  If you find that the plaintiff has failed to establish his excessive force claim by a preponderance of the evidence, then you must decide against him on the issue you are considering.  If you find that the Defendant had failed to establish that there was probable cause for the arrest of plaintiff NOEL JACKSON GUZMAN, then you must decide against the defendant.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It does not mean the greater number of witnesses or the greater length of time taken by either side.  The phrase refers to the quality of the evidence; that is, its convincing quality, the weight and the effect that it has on your minds.  The law requires that in order for the Plaintiff to prevail on one of his claims, the evidence that supports his claim must appeal to you as more nearly representing what took place than the evidence opposed to his claim.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant.  It is only if the evidence favoring the Plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the Plaintiff.

This concept of preponderance of the evidence is often illustrated with the idea of scales.  You put on one side all of the credible evidence favoring plaintiff and on the other all the credible evidence favoring defendant.  If the scales tip toward the plaintiff because plaintiff's

evidence is weightier, you must find in plaintiff's favor.  But if the scales are evenly balanced, or if they tip in defendant's favor, then you must find for the defendant.

Some of you no doubt have heard of "proof beyond a reasonable doubt", which is the standard of proof that is used in a criminal trial.  A plaintiff in a civil case does *not* have to satisfy that requirement, and you should put it out of your mind.

### Evidence/What is Not Evidence

The evidence from which you are to decide what the facts are consists of:

    1)     the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

    2)     the documents, the videotape, the photographs, and other exhibits which may have been received into evidence;

    3)     any facts to which all the lawyers may have agreed or "stipulated"; and

    4)     any fact which I may have instructed you to accept as true.

Nothing else is evidence; not what the lawyers say, not what I say, not anything you heard outside the courtroom.

### Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his or her own senses -- i.e. something seen, felt, touched, heard or tasted. Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

5

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence as follows:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

It is for you to decide whether a fact has been proven by circumstantial evidence. In making that decision, you must consider all the evidence related to that fact in the light of reason, common sense and your experience.

### Inference

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a logical conclusion that a disputed fact exists that we reach in light of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences you should exercise your common sense.

Keep in mind that the mere existence of any inference against the defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence. In order for the plaintiff to obtain a verdict in his favor, you must still believe from the credible evidence that he has sustained the burden cast upon him of proving his claims.  If he has failed, then your verdict must be for the defendant.  If you should find that all of the evidence is evenly balanced, then the plaintiff has not sustained the burden of proof and your verdict should be for the defendant.

If and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then he has met the burden of proof.

## Credibility of Witnesses

You have had the opportunity to observe (all) the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of witness testimony.

How do you determine where the truth lies?  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other believable testimony.  You watched the witnesses testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness appear?  What was the witness' demeanor while testifying?  Often it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether in such a situation the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter) the law permits you to disregard completely the entire

testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness' testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment and your own life experience.

## Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness' own interest.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  An interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth.  It is for you to decide, based upon your

own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

In this case the interested witnesses are plaintiff NOEL JACKSON GUZMAN, and defendant P.O. BRIAN JAY.

### Police Officer as Party

The fact that the defendant is a police officer entitles him to no greater consideration than that accorded to any other party to a litigation.  By the same token he is entitled to no less consideration.  All parties stand as equals at the bar of justice. You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality.

### Introduction To Plaintiff's Claims

In this action against POLICE OFFICER BRIAN JAY, plaintiff NOEL JACKSON GUZMAN seeks compensatory and punitive damages pursuant to Section 1983 of Title 42 of the United States Code for violation of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments, based upon defendants' use of excessive force against plaintiff, causing plaintiff to suffer physical injuries.

### The Statute:  42 U.S.C. § 1983

Plaintiff's first claim against the defendants is brought under a federal statute called 42 U.S.C. § 1983, or Section 1983 for short.  Section 1983 is a federal civil rights law that provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

You are instructed as a matter of law that under the Constitution of the United States, every citizen has the right to his liberty, that is, the right to be free of unreasonable seizures.  Included in this right is the right not to be seized or arrested in the absence of probable cause.  Every person also has the Constitutional right to be subjected to unreasonable force while being arrested or seized by police officers, <u>even if</u> there is a proper basis for the arrest. The violation of any of these rights by a police officer states a claim under Section 1983.

The Section 1983 statute provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.  Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution.  It was passed by Congress to enforce the Fourteenth Amendment of the Constitution.  The Fourteenth Amendment provides in relevant part that:

> no state shall . . . deprive any person of life, liberty, or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the plaintiff in this case to enforce rights guaranteed to him by the federal Constitution.  Later in these instructions I will explain to you what these federal

constitutional rights are, and what the plaintiff must show to demonstrate a violation of these rights.

 (Authority:  <u>Federal Jury Practice</u>, § 165.10; <u>Modern Federal Jury Instructions</u>, Instruction 87-65; <u>Monroe v. Pape</u>, 365 U.S. 167 (1968) (<u>rev'd on other grounds</u>); <u>Bellows v. Dainack</u>, 555 F.2d 1105 (2d Cir. 1977); 4 Martin A. Schwartz & George C. Pratt, <u>Section 1983 Litigation Jury Instructions</u> (2000) (hereinafter "Schwartz"), Instruction 3.01.1.)

### Elements of a Section 1983 Claim

To establish a claim under Section 1983, plaintiff must demonstrate, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that in so acting, one or more of the individual defendants violated one or more constitutional rights of the plaintiff; and

Third, that a defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

(Authority:  4 L. Sand, J. Siffert, S. Reiss, J. Sexton, J. Thorpe, <u>Modern Federal Jury Instructions</u> (1988) (hereinafter "Sand"), Instruction 87-68.)

### Introduction to Plaintiff's Substantive § 1983 Claims

Plaintiff makes two substantive claim under the United States Constitution: unreasonable force and false arrest.   In order to prove his constitutional claims, NOEL

JACKSON GUZMAN must establish by a preponderance of the evidence the following two elements:

> <u>First</u>:     That the defendant officers deprived him of his federal constitutional rights by:
>
> a.  Using unreasonable force against him during the course of the arrest or seizure or failing to intervene to stop the use of such unreasonable force; or
>
> b.  Seizing and arresting him without probable cause.
>
> <u>Second</u>:     That the defendant officers' actions proximately caused his injuries.  I will now explain both elements in greater detail.

(Authority: <u>Federal Jury Practice</u>, § 165-20.)

## **Excessive Force**

The first element of plaintiff's Section 1983 claim is that he was deprived of a federal constitutional right by the defendant POLICE OFFICER BRIAN JAY's conduct.  In this case, NOEL JACKSON GUZMAN, first contends that he was subjected to excessive force during the course of his arrest on February 14, 2009.

You are instructed that every person has the right not to be subjected to unreasonable or excessive force while being seized or arrested by a police officer, even if such seizure or arrest is otherwise lawful.  On the other hand, in making a lawful seizure and arrest, an officer has the right to use the minimal force necessary under the circumstances to effect the arrest.  Whether or not the force used by the defendant officers in seizing and arresting plaintiff was unnecessary,

unreasonable or violent is an issue to be determined by you in the light of all the surrounding circumstances, on the basis of that degree of force a reasonable and prudent officer would have applied in effecting the arrest under the circumstances.

(Authority:     Sand Instruction 87-74C; Federal Jury Practice, § 165.23.)

## **Reasonableness of Force**

Reasonableness means the standard of reasonableness at the moment force is used.  Events which occurred before the moment at which force is used are not probative of the reasonableness of the decision to use force.  Reasonableness depends on not only when a seizure is made, but also no how it is carried out.

The question of whether reasonable force was used in an arrest is for you to decide.  When you determine if the force used in this case was excessive, pay careful attention to: (1) the facts and circumstances, including the severity, or lack of severity, of the alleged crime in issue; (2) whether the person against whom the force was used prosed an immediate threat to the safety of the police or others; and (3) whether the person against whom the force was used was actively resisting or attempting to get away.  You must weigh together all of these three factors to determine whether or not the force used was excessive.

(Authority:     Federal Jury Practice, § 165.23; Graham v. Connor, 490 U.S. 386, 396 (1989); Amnesty America v. Town of West Hartford, 361 F.3d 113, 123 (2d Cir. 2004)).

## **False Arrest**

As I previously indicated, plaintiff asserts two bases for his claim that the defendant officers violated his federal constitutional rights. The first basis, which I have just instructed you on, is that the officers subjected plaintiff to unreasonable force during the course

14

of seizing and arresting her.  The second basis, which I will instruct you on now, is that the defendant officer seized and arrested plaintiff without probable cause and in violation of federal and New York law.

The unlawful arrest and imprisonment claims brought by plaintiff are entirely separate from his unreasonable force claim.  Thus, even if you find that the defendant officers did not use unreasonable force in the arrest and apprehension of plaintiff, you must still determine whether plaintiff is entitled to any damages for the violation of his right to be free from unlawful arrest and imprisonment.

Plaintiff claims that he was unconstitutionally arrested by the defendant POLICE OFFICER JAY on February 14, 2009. An arrest need not be formal; it may occur even if the formal words of arrest have not been spoken provided that the subject is restrained and in his freedom of movement restricted.  I instruct you as a matter of law that plaintiff was arrested on February 14, 2009.

You must determine whether the arrest of plaintiff was supported by probable cause to believe that plaintiff had committed a crime.  Defendant bears the burden of proving that he had probable cause to arrest plaintiff.

In determining whether P.O. JAY had "probable cause," the facts known to him need not meet the standard of conclusiveness needed to convict plaintiff of that crime.  Rather, the actions of the officer in making an arrest are to be measured by the test of what a reasonable prudent person would have believed under the same circumstances.  The guess, conjecture or surmise of an officer is not enough to establish "reasonable cause."  There must be enough actual

evidence to lead reasonably to the conclusion that plaintiff committed the crime charged. Evidence of a subsequent dismissal is admissible to refute justification.

(Authority:   Oliveira v. Mayer, 23 F.3d 642 (2d Cir. 1994); Posr v. Doherty, 944 F.2d 91 (2d Cir. 1991); Broughton v. State, 37 N.Y.2d 451, 453 (1975); Weyant v. Okst, 101 F. 3d 845 (2d Cir. 1996).

In this case, plaintiff NOEL JACKSON GUZMAN was charged with obstructing governmental administration oin the second degree. I will now explain the charge.

Under the New York Penal Law §195.05, "A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration.

In cases where an arrest is unauthorized or unwarranted, the person being arrested has a right to resist the arrest by using reasonable force. United States v Heliczer, 373 F.2d 241, 244 (2d Cir 1967)("The Supreme Court [has] held that there is a right to resist an unlawful arrest.")(citing Elk v. United States, 177 U.S. 529 (1900).).

It is the defendant's burden to prove, by a preponderance of evidence, that there was probable cause to arrest plaintiff NOEL JACKSON GUZMAN under this charge.

If, after considering all of the evidence you find that there was no probable cause to arrest the plaintiff NOEL JACKSON GUZMAN for obstructing governmental administration in the manner I have just described to you, then you must find in favor of the plaintiff NOEL JACKSON GUZMAN.

## Damages – Introduction

If you find that plaintiff has proved by a preponderance of the evidence all of the elements of one or more of his claims for relief for the alleged violation of his federal or state rights, you must then decide if he suffered any damages as a result of the violation.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other.  It is for you alone to decide in accordance with my instructions whether a defendant whom you are considering is liable.

You should not reach the issue of damages unless you find that plaintiff has established liability on at least one of his § 1983 claims.

Should you decide that plaintiff has proved a particular claim by a preponderance of the evidence, you must consider awarding three types of damages: compensatory damages, nominal damages, and punitive damages.  I will now define each type of damages.

(Authority:  Schwartz, Instruction 2.05.1.)

## Compensatory Damages

If you find that the defendant is liable to plaintiff, then you must determine an amount that is fair compensation for all of plaintiff's damages.  These damages are called compensatory damages. The purpose of compensatory damages is to make plaintiff whole; that

17

is, to compensate plaintiff for the damage that he has suffered.  If plaintiff wins, he is entitled to compensatory damages as a matter of law for any injury caused by the conduct of the defendant officers.

You must award compensatory damages only for injuries that plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair compensation for all of plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered, or that plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstance permit.

In assessing compensatory damages, you must include an amount attributable to the injuries sustained by plaintiff NOEL JACKSON GUZMAN resulting from his incident with the defendant POLICE OFFICER JAY that you determine to be reasonable compensation in the light of all the evidence in this case. The law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In this case, plaintiff NOEL JACKSON GUZMAN contends that he suffered physical injuries as a result of the excessive force used by the defendant POLICE OFFICER JAY. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate.  In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate plaintiff for the injuries you find that NOEL JACKSON GUZMAN endured as the direct result of any constitutional deprivation he may have suffered.  The amount of damages should be neither excessive nor inadequate. It should be fair, just, and reasonable.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

If you find for plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.  In addition, if you find that plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

(Authority:  Schwartz, Instructions 18.01.1, 18.01.5, 18.01.8.)

### Life Expectancy

If you make an award for future pain and suffering or future medical expenses, you may consider the plaintiff's life expectancy. A person of plaintiff's age and gender would be expected to live 41.9 years, according to the mortality tables. Mortality tables are, of course, nothing more than

statistical averages, and you should use the figure with caution when applying it to this case. The life expectancy figure from the mortality tables is not binding upon you, but may be considered by you in combination with evidence you have heard concerning the condition of plaintiff's physical conditions, habits, employment, and activities in determining the plaintiff's

present life expectancy.

### Party's Failure To Produce Witness[1]

In evaluating plaintiff's medical injuries, you may consider the face that defendant did not call Dr. Ramesh Giduma, M.D., as a witness. when a party has it within his power to produce a witness whose testimony would be relevant to an issue in dispute  and fails to produce such witnesses, you as jurors may infer that "the testimony, if produced, would be unfavorable" to that party. United States v. Torres, 845 F. 2d 1165, 1169 (2d Cir. 1988) (internal citations omitted). See also Sagendorf-Teal v. County of Rensselaer, 100 F. 3d 270 (2d Cir. 1996)(" The "missing witness" charge allowed the jury to draw an adverse inference from the fact that the defendants had not called to the stand five present or former corrections officers"); DiPirro v. U.S., 43 F. Supp. 2d 327 (W.D.N.Y.) (same)

In deciding whether to draw this adverse inference, you should consider whether the witness that was not produced would merely have duplicated other evidence already introduced. You may also consider whether the party has offered a reason for not producing this witness, and whether that reason was explained to your satisfaction.

(Authority:  Schwartz, Instruction 2.04.1.)

---

[1] This charge relates solely to the defendants medical expert, Dr. Ramesh Gidumal, M.D. In the event that defendant fails to call Dr. Gidumal as a witness, plaintiff requests that this charge be given.

## **Punitive Damages**

If you have awarded plaintiff compensatory damages, the law permits the jury, under certain circumstances, to award plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of defendants that proximately caused injury or damage to plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. When awarded, the amount of such extraordinary damages must

be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case.  In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon plaintiff.

(Authority:  Schwartz, Instruction 18.07.1.)

## Duty To Deliberate

It is your duty as jurors to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Every juror should be heard.  No one juror should hold the center state in the jury room and no one juror should control or monopolize the deliberations.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion with in your good conscience appears to be in accordance with the truth.

## Selection of Foreperson

Your foreperson will preside over the deliberations and speak for you here in open court.  The foreperson has no greater voice or authority that any other juror.

The foreperson will send out any notes and, when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict.

22

**Return of Verdict**

I will give you a verdict sheet to be filled out by the jury. The purpose of the questions on the form is to help us - the Court, and counsel for Plaintiff and Defendants - to understand what your findings are. I will hand this form, which contains a set of questions, to the Clerk who will give it to you so that you may record the decision of the jury with respect to each question.

No inference is to be drawn from the way the questions are worded as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did it would not be binding on you.

Before the jury attempts to answer any question you should read the entire set of questions, and make sure that everybody understands each question. Before you answer the question, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form I am giving you.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield you view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you. In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

**Closing Comment**

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse, you should treat each other with courtesy and respect during your deliberations.

After you have reached a verdict, your foreperson will fill in the Verdict Sheet that has been given to you, sign and date it and advise the Marshal outside you door that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict which is announced in Court.  Once you verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

All litigants stand equal in this courtroom.  All litigants stand equal before the bar of justice.  All litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

I thank you for your time and attentiveness.


Dated:        New York, New York
              October 28, 2013

                            Respectfully submitted,

                            By:  _____/S/_____
                                 JON L. NORINSBERG
                                 225 Broadway, Suite 2700
                                 New York, NY 10007
                                 *Attorneys for Plaintiff*