Index No.  10-cv-06353 (ALC)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEL JACKSON GUZMAN,

                                              Plaintiff,

                      -against-

POLICE OFFICER BRIAN JAY,

                                                Defendants.

**DEFENDANT'S MOTION *IN LIMINE* CONCERNING DR. DASSA**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Morgan D. Kunz*
*Tel:  (212) 356-2357*

*Of Counsel:  Matthew J. Modafferi*
*Tel:  (212) 356-2331*

## TABLE OF CONTENTS

**Page**

POINT I:

    MOTION TO PRECLUDE DR. DASSA FROM OPINING ON ANYTHING BEYOND HIS OWN TREATMENT OF PLAINTIFF, INCLUDING CAUSATION, OR IN THE ALTERNATIVE, TO REQUIRE SUBMISSION OF A RULE 26(A)(2)(B) DISCLOSURE AS DR. DASSA IS A RETAINED EXPERT .......................................... 1

POINT II:

    MOTION TO PRECLUDE DR. DASSA FROM OPINING THAT PLAINTIFF WILL NEED KNEE REPLACEMENT SURGERY IN THE NEXT 20 YEARS ........................ 4

CONCLUSION ............................................................................................................................ 8

#### POINT I

**MOTION TO PRECLUDE DR. DASSA FROM OPINING ON ANYTHING BEYOND HIS OWN TREATMENT OF PLAINTIFF, INCLUDING CAUSATION, OR IN THE ALTERNATIVE, TO REQUIRE SUBMISSION OF A RULE 26(A)(2)(B) DISCLOSURE AS DR. DASSA IS A RETAINED EXPERT**

Dr. Dassa treated the Plaintiff from May 4, 2009 until November 5, 2010. At his deposition, Dr. Dassa testified that in late October 2013, nearly three years after he stopped treating Plaintiff, Plaintiff's counsel approached him about testifying in this case. After discussing the case and his anticipated testimony with Plaintiff's counsel, Dr. Dassa asked to see Plaintiff again and that examination happened on November 4, 2013. Shortly thereafter Plaintiff produced a supplemental medical record from Dr. Dassa in regard to the November 4, 2013 exam, but did not disclose that the exam happened in anticipation of Dr. Dassa's trial testimony. Indeed, the report obscures this fact by claiming that Plaintiff came in for a follow-up appointment and that Plaintiff was under Dr. Dassa's care for a knee injury. (Nov. 4, 2013 Dr. Dassa Report, Exhibit A). Dr. Dassa also testified that he was prepped for his deposition by Plaintiff's counsel and that he is being paid for his work in this case – an hourly rate for his review of records, preparation for and attendance of the deposition, and a flat daily rate for his anticipated trial testimony.

Under the Federal Rules, a party calling a non-retained expert, like a treating physician, must disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Such a witness is limited in the testimony that he or she may offer in the case to what was disclosed. See, e.g., Puglisi v. Town of Hempstead Sanitary District No. 2, 11-CV-0445 (PKC), 2013 U.S.

Dist. LEXIS 111972, at *13-16 (E.D.N.Y. Aug. 8, 2013) (precluding a treating physician from testify as a non-retained expert since the disclosure provided was late and inadequate). As was discussed at the November 8 and November 13, 2013 conferences, Plaintiff never produced the required report. Plaintiff did produce reports on several exams that Dr. Dassa conducted on Plaintiff between May 4, 2009 until November 5, 2010, and November 4, 2013. Additionally, the Court allowed Defendant to depose Dr. Dassa based on his reports. Accordingly, Dr. Dassa's testimony should be limited to his own treatment of the Plaintiff, as detailed in his reports. He should not be allowed to opine on matters outside those reports, such as: causation, surgery on the knee, and the possibility of a future knee replacement surgery.

Such a limitation would properly allow Dr. Dassa to testify as a fact witness as to his treatment of Plaintiff. Robinson v. Suffolk County Police Dep't, No. 08-cv-1874 (AKT), 2011 U.S. Dist. LEXIS 119356 (E.D.N.Y. Oct. 17, 2011) ("the key to what a treating physician can testify to without being declared an expert is based on his personal knowledge from consultation, examination and treatment of the Plaintiff, "not from information acquired from outside sources.") Under Rule 26, a treating physician can testify as a fact witness so long as his testimony is limited to the course of treatment that he provided and does not go beyond a reasonable reading of the medical records. Lamere v. New York State Office for the Aging, 223 F.R.D. 85, 89 (N.D.N.Y 2004) ("It is indeed certain that a treating physician, who has not complied with the reporting requirement of Rule 26(a)(2)(B), should not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records." ). In this case, there is nothing in the reports from Dr. Dassa on causation. Indeed, the words 'cause' and 'causation' do not appear in his reports. Moreover, Dr. Dassa did not conduct the surgery on Plaintiff, does not know if Plaintiff went to his physical therapy, and provided no

2

treatment to Plaintiff after November 2010. Largely, Dr. Dassa's treatment of Plaintiff consisted of his referring Plaintiff to different doctors for treatment of his knee, back, and footdrop.

In the alternative, if Dr. Dassa is permitted to testify as an expert and opine as to causation in this case, Plaintiff should be required to submit the disclosures required under Rule 26(a)(2)(B), for retained testifying experts. In pertinent part, the rule states that "if the witness is one retained or specially employed to provide expert testimony in the case" the witness must supply a report, "prepared and signed by the witness," that includes:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). In this case, as of late October 2013, when Plaintiff's counsel asked Dr. Dassa to testify as an expert in the case and agreed to pay Dr. Dassa for his testimony, he became a witness "retained or specially employed to provide expert testimony in the case." Indeed, the last time Dr. Dassa had treated the Plaintiff was three years earlier. Thus, he clearly became a retained expert when he was paid to testify in this case. As such, Defendant must be provided with the information required by the rule. Some of this information was obtained from the written medical records that Dr. Dassa created after his exams of Plaintiff, and during his deposition, but other very important information is still missing. Dr. Dassa testified at his

3

deposition that he testifies in 7-10 matters a year as an expert. He was not, however, able to recall specific cases nor the percentage of time that he testified on behalf of plaintiffs or defendants. A Lexis search of Dr. Dassa reveals eight cases where he is mentioned as being involved. In seven of them he testified for the plaintiff. Indeed, upon information and belief, the vast bulk of Dr. Dassa's practice, and his testimony as an expert, is for plaintiffs. Defendants are entitled to this information and it will be very valuable to the jury in considering his testimony. As another example, Dr. Dassa has not listed on his reports "the facts or data considered by the witness in forming" his opinions. At the deposition he testified that a stack of paper he had with him was the whole universe of documents that he reviewed, and defendant requested a copy of same, but to date it has not been provided.

In the first instance, Defendant moves to have Dr. Dassa's testimony limited to his personal knowledge based on his own examinations and treatment of the Plaintiff, and should not included information acquired from outside sources, such as other doctors or experts. In the alternative, if Dr. Dassa is permitted to testify as an expert and opine as to causation, Defendant should be provided with a complete Rule 26(a)(2)(B) disclosure.

## POINT II

### MOTION TO PRECLUDE DR. DASSA FROM OPINING THAT PLAINTIFF WILL NEED KNEE REPLACEMENT SURGERY IN THE NEXT 20 YEARS

Dr. Dassa wrote in the Nov. 4, 2013 record of his exam of Plaintiff that "Right knee replacement surgery in the future given his degree of posttraumatic arthritis at such a young age." In his deposition, the Dr. Dassa explained that Plaintiff does not need knee replacement surgery now, and that it is uncertain when exactly the surgery will be needed. Dr. Dassa estimated that Plaintiff would need knee replacement surgery in about 20 years, but it might be

4

required later than that, and indeed Dr. Dassa admitted it was possible that Plaintiff would never need a knee replacement. There are two major problems with allowing Dr. Dassa to opine on the possibility of a knee replacement surgery in 20 years.

First, testimony regarding the possible need for knee replacement surgery sometime 20 years from now would only go to Plaintiff's claimed damages. However, "[i]t is well settled that an award for future medical expenses may not be based upon mere speculation." Faas v. State of New York, 249 A.D.2d 731, 732, 672 N.Y.S.2d 145 (3d Dep't 1998). A plaintiff "must establish future medical expenses with reasonable certainty, offering competent proof of necessary, anticipated medical costs." Haleemeh M.S. ex rel. Mohammad S.F. v. MRMS Realty Corp., 28 Misc.3d 443, 462, 904 N.Y.S.2d 862 (N.Y. Sup. 2010) (internal quotation marks and citations omitted). Dr. Dassa is speculating that the knee replacement surgery will be needed, as he himself acknowledged that while he thinks it is highly likely that Plaintiff will need a new knee at some point in his life, it was possible he will not Moreover, the timeframe, 20 years from now or more, belies the speculative nature of the claimed injury. As such, Plaintiff cannot establish that the future medical expense of a knee replacement will be needed with a reasonable degree of certainty. Further, with no economic expert able to off testimony on the cost of a surgery that is 20 years away, the jury would have no way to calculate what the future medical cost would be. For these reasons, Dr. Dassa should be precluded from opining that a knee replacement might be needed in the distant future.

Second, testimony regarding the possible need for knee replacement surgery 20 years from now is not sufficiently reliable to be admitted as expert opinion. As explained by the Supreme Court in Daubert, Courts are to apply a flexible inquiry to determine if an expert

opinion is reliable.[1] Daubert v. Merrell Dow Pharms., 509 U.S. 579, 594-595 (1993). "In undertaking this flexible inquiry, the district court must focus on the principles and methodology employed by the expert, without regard to the conclusions the expert has reached or the district court's belief as to the correctness of those conclusions." Amorgianos v. AMTRAK., 303 F.3d 256, 266 (2d Cir. 2002).

However, as the Supreme Court recognized in General Electric Co. v. Joiner, "conclusions and methodology are not entirely distinct from one another. . . . Nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." Joiner, 522 U.S. 136, 146 (1997). "Thus, when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, Daubert and Rule 702 mandate the exclusion of that unreliable opinion testimony." Amorgianos, 303 F.3d at 266. In evaluating whether an expert's analysis is reliable, "the district court should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." Id. at 267.

---

[1] In Daubert, the Supreme Court set forth a non-exclusive list of factors for a trial court to use when assessing the reliability of expert testimony: (1) whether the expert's technique or theory can be, or has been, tested—that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community. Daubert, 509 U.S. at 593-94; see also Fed. R. Evid. 702, Advisory Committee Notes: 2000 Amendments.

6

In this case, Dr. Dassa opines that knee replacement surgery will be needed 20 years in the future based on a single x-ray which he reads to show that Plaintiff is suffering from arthritis. It should be noted that Dr. Gidumal disagrees with Dr. Dassa's reading of the x-ray, but setting aside that dispute, even if Dr. Dassa is correct that Plaintiff has arthritis in his knee today, his opinion regarding future surgery is not reliable. Dr. Dassa admits that Plaintiff does not need surgery now, that there are other interventions that will help the Plaintiff (such as injections and physical therapy), and that it is possible that he will not need surgery in the future. For the Court's reference, Defendant has attached the report from Dr. Dassa opining that future surgery is needed and a deposition excerpt on that issue. (Report, Exhibit A; Deposition Excerpt, Exhibit B). The report nor the deposition contain any data or analysis that explains how Dr. Dassa's theory about the need for future knee replacement could be tested, and indeed, Dr. Dassa admits he is not aware of any further tests that could be used to confirm the existence of the arthritis. Dr. Dassa cites to no peer reviewed articles that support his conclusion, nor any evidence that patients in a similar position to Plaintiff required surgery 20 years or more later. The point is that Dr. Dassa states in completely conclusory terms that he thinks that Plaintiff has arthritis and that if the arthritis gets worse over the next 20 years, that knee replacement surgery will be needed. This opinion is not sufficiently reliable to be considered and the Court should exercise its gate keeping function under Daubert and Rule 702 and exclude the evidence.

## **CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the Court grant his motion *in limine* in its entirety, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 27, 2013

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the City of New York
                          Attorney for Defendant Jay
                          100 Church Street
                          New York, New York 10007
                          (212) 356-2331 / 2357

                        By:   /s/
                            Matthew J. Modafferi & Morgan D. Kunz
                            Assistant Corporation Counsels
                            Special Federal Litigation Division

cc:    Jon Louis Norinsberg, Esq. (By E.C.F. and Hand)
        Law Offices of Jon L. Norinsberg
        225 Broadway, Suite 2700
        New York, New York  10007

Index No. 10-cv-06353 (ALC)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEL JACKSON GUZMAN,

                                         Plaintiff,

-against-

POLICE OFFICER BRIAN JAY,

                                         Defendant.

**DEFENDANT'S MOTION *IN LIMINE* CONCERNING DR. DASSA**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant Jay*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:*
*Morgan D. Kunz & Matthew J. Modafferi*
*Tel: (212) 356-2357 / 2331*

*Due and timely service is hereby admitted.*

*New York, N.Y............................................................. , 2013*

*....................................................................................... Esq.*

*Attorney for..............................................................................*