# JON L. NORINSBERG
ATTORNEY AT LAW
TRANSPORTATION BUILDING
225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
www.norinsberglaw.com

BRONX OFFICE
5938 FIELDSTON ROAD
BRONX, NEW YORK 10471

TEL (212) 791-5396
FAX (212) 406-6890
E-MAIL: norinsberg@aol.com

JON L. NORINSBERG
_____

JOHN J. MEEHAN

December 2, 2013

**VIA ECF AND HAND DELIVERY**
Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

     Re: <u>*Noel Jackson-Guzman v. City of New York, et al.*
        *10-CV-6353 (ALC)(JCF)*</u>

Your Honor,

  I represent plaintiff Noel Jackson-Guzman in the above referenced civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff respectfully requests that the Court reconsider its ruling made at the pre-trial conference on November 13, 2013 that plaintiff is precluded from questioning defendant P.O. Jay about any prior incidents involving the use of excessive force. Specifically, plaintiff seeks to question P.O. Jay about one particular incident which: i) involves strikingly similar allegations to the instant case; ii) took place a mere *three weeks* before the incident in this case; iii) took place at the exact same location; and iv) involves almost *identical* claims by P.O. Jay with regard to his actions in chasing down and tackling the suspect. The prior incident involves one Richard Hidalgo, who alleges that on January 24, 2009, while exiting the Red Lounge, P.O. Jay, the defendant in the instant matter, *kicked him 3 to 4 times* while placing him under arrest (the "Hidalgo incident"). P.O. Jay denies this claim, but the CCRB found that P.O. Jay's version of events was "implausible."

**The Second Circuit Follows An Inclusionary Approach Under Rule 404 (b).**

  "The Second Circuit has adopted an 'inclusionary' approach to 'other act' evidence under Rule 404(b) which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity."<u>United States v. Laflam</u>, 369 F.3d 153, 156 (2d. Cir. 2004)

(citation omitted). See also Ismail v Cohen, 899 F.2d 183 (2d Cir. 1990) ("Under our 'inclusionary approach, [other act evidence] will be admissible for any other relevant purpose'") (citation omitted); Vilkhu v. City of New York, 06 Civ. 2095 (CPS), 2009 U.S. Dist. LEXIS 16616, *10 (E.D.N.Y. March 2, 2009) ("Under the Second Circuit's inclusionary interpretation of [Rule 404(b)], similar act evidence is admissible 'so long as it is relevant and it is not offered to prove criminal propensity.'") (quoting U.S. v. Pipola, 83 F.3d 556, 565 (2d. Cir. 1996)(internal citation and quotation marks omitted). In fact, "Rule 404(b) expressly contemplates the admission of similar act evidence [for any non-propensity purpose]." (Id.).

### A. Courts Have Repeatedly Allowed Similar Evidence to Be Admitted In Excessive Force Claims Brought Under Section 1983.

Applying the above principles, courts in this jurisdiction have repeatedly held "other act" evidence to be admissible in excessive force claims. See Ismail, supra; Vilku, supra: In fact, the Second Circuit's opinion in Ismail is almost directly on point. In that case, plaintiff sought to introduce a CCRB incident involving the use of excessive force by the same officer who was being accused of excessive force in the pending action. According to the CCRB complaint, the police officer defendant "had punched one Angel Castaldo in the jaw without provocation and hit him again while he was down. To cover up, [the defendant officer] later falsely claimed that he was responding to an attack by Castaldo on his partner." (Id.) Over the objections of the defendant, the district court ruled that such "other act" evidence was admissible on the grounds that it established "pattern", "intent" and "absence of mistake", and the Second Circuit affirmed. As the Second Circuit explained:

> In a carefully reasoned memorandum, the district court here set forth several reasons for the admission of the Castaldo evidence (pattern, intent, absence of mistake, etc.) and determined that the risk of unfair prejudice did not substantially outweigh the probative value of the evidence.
>
> (Id.)

The Second Circuit's holding in Ismail applies with equal force here, as set forth below.

### B. The Close Nexus of Facts, and The Close Proximity in Time of the Hidalgo Incident, make it Admissible under Rule 404(b) to Establish "Pattern" and "Intent".

The similarities between the two incidents are striking. In this case, plaintiff alleges that, after leaving the Red Lounge, P.O. Jay kicked him without just cause or provocation after a fight broke out. P.O. Jay's version of events has him breaking up a two-on-one fight, where the plaintiff tries to run away. P.O. Jay then alleges that he was able to track down the fleeing plaintiff, grabbed him and pulled him to the ground. P.O. Jay categorically denies that any kick occurred and insists that plaintiff was injured prior to his encounter with officer Jay.

Similarly, on January 24, 2009, Mr. Hidalgo alleges that after leaving the Red Lounge, P.O. Brian Jay kicked him without just cause or provocation after a fight broke out. (Ex. A, page 2, 3). According to P.O. Jay's version of events, Mr. Hidalgo tried to run away (just as he claims Mr. Guzman did), after which P.O. Jay chased down the fleeing Mr. Hidalgo, grabbed him and tackled him to the ground from behind (just as he claimed he did with Mr. Guzman). P.O. Jay categorically denies that any kick occurred. (Ex. A, page 6, 7).

This close nexus of facts shows a clear "pattern," under Rule 404(b), that Officer Jay kicks suspects whom he is trying to place under arrest. While the complaint against P.O. Jay was ultimately "unsubstantiated" – meaning that the allegations were neither proven nor disproven -- the CCRB noted that P.O. Jay's version of events seemed "implausible." Nonetheless, the CCRB concluded that it was "unable to obtain any independent evidence in order to reach a definitive conclusion" regarding whether or not P.O. Jay had kicked Mr. Hidalgo. (Ex. A, page 11). However, as the late Judge Sifton held in the Vilkhu case, supra, the mere fact that a CCRB complaint is found to be "unsubstantiated" did not *not* preclude the use of such evidence at trial.

Since the Second Circuit "follow[s] the inclusionary approach to prior misconduct evidence that allows [for] the admission of prior misconduct for any other relevant purpose" other than for showing the "character" of the witness, Pagnucco v. Pan American World Airways, Inc., 37 F.3d 804, 823 (2d. Cir. 1994), evidence of this prior incident should be admitted. Specifically, the CCRB complaint and P.O. Jay's version of events should be admitted under Rule 404(b) to show "pattern", "intent" and "absence of mistake." Ismail, supra. See also Vilkhu, supra., (allowing CCRB complainant to testify that police officer in excessive force action had "accosted him" and "hit him with a walkie talkie or flashlight"); Brown v. City of New York, No. 2008 Civ. 5095, 2011 U.S. Dist. LEXIS 113641, *3 (E.D.N.Y. Sept. 30, 2011) ("Under Rule 404(b) of the Federal Rules of Evidence, the introduction of other wrongful acts is permitted for any relevant purposes other than to show propensity to commit the actin in question.") (citations omitted). Accordingly, such evidence should be allowed in this case as well. See Ismail v. Cohen, 766 F. Supp. 243, 253 (S.D.N.Y. 1989) (admitting evidence of CCRB complaint because the complaint shared allegations substantially similar to those alleged in the excessive force lawsuit, such as "lashing out physically when he feels his authority is challenged by a citizen with whom he is dealing on the street.")

For these reasons plaintiff respectfully requests that the Court reconsider its decision of November 13, 2013, and allow plaintiff to ask questions to P.O. Jay about the Hidalgo incident in order to establish "pattern" under Rule 404(b).

Respectfully submitted,

/s/

Jon L. Norinsberg